OPINION
Plaintiffs, Robbie Carolyn Cunningham and Paul H. Cunningham, appeal from a judgment awarding Plaintiffs damages in the amount of $3,000 on their personal injury claims against Defendant, Rita M. Hess.
Plaintiffs' personal injury claims arose from an automobile accident. They subsequently filed a complaint, seeking compensatory damages in the amount of $300,000. After responsive pleadings were filed by the Defendant, the court referred the claims for relief to an arbitration panel pursuant to Greene Loc.R. 11.02.
The arbitration panel heard evidence on the Plaintiffs' claims, and it filed a Report and Award on July 7, 1998. The Report and Award granted judgments to the Plaintiff in a total amount of $3,000.
On July 10, 1998, Plaintiffs filed a "Motion To Correct Record." The motion objected to a statement in the Report and Award that the cause was heard by the panel "on the merits." The motion states:
 On July 8, 1998 Plaintiffs received a copy of the "Report and Award" of the arbitrators in the above styled case. It was erroneously stated as part of the Report and Award that the hearing was "on the merits." The record should be reflected to correct that this hearing was anything but on the merits. In fact, the only two witnesses to testify in the case were the Plaintiff and the Defendant. This case did not include any medical testimony, no authentication of documents, no discussions of bills by the medical providers. The "Report and Award" should not reflect a hearing on the merits. It should be obvious from the judgment awarded to the Plaintiff by the arbitrators that there was no medical testimony.
 It is respectfully submitted that the record be corrected prior to the trial before a jury in this case.
The trial court denied the Plaintiffs' Motion To Correct Record by a judgment entry that was filed on July 15, 1998. The court stated, inter alia: "Inasmuch as the arbitration hearings are non-binding, and there is no record it is not anticipated that the parties will put on expert testimony and the like. Nevertheless the arbitrators consider the `merits' of what is put before them."
Plaintiffs filed nothing further after the court denied their motion. On August 10, 1998, the court granted judgments for the Plaintiffs in the amount that the arbitration panel had awarded, noting that "no appeal has been instituted within the prescribed time." Plaintiffs filed their notice of appeal to this court from that judgment on September 4, 1998.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY REFUSING TO CORRECT THE REPORT AND AWARD OF THE NON-BINDING ARBITRATION PANEL.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT REDUCED A NON-BINDING ARBITRATION AWARD TO A FINAL JUDGMENT WITHOUT FIRST ALLOWING FOR A TRIAL DE NOVO OF THE ENTIRE CASE ON ALL ISSUES FOLLOWING A TIMELY NOTICE OF A REQUEST TO CORRECT THE RECORD.
S.Ct.Sup.R. 5(A) states, inter alia: "Local rules of practice shall not be inconsistent with rules promulgated by the Supreme Court." This provision reflects a similar limitation on the power of local courts to promulgate rules in Article IV, Section 5(B) of the Ohio Constitution.
S.Ct.Sup.R. 15(A)(1) permits local courts to adopt rules for the mandatory arbitration of civil cases. Division (A)(2) states that the plan "shall include the following basic principles." Division (A)(2)(b) provides for the appointment of arbitrators. The Rule further states:
 (c) Report and Award. Within thirty days after the hearing, the board or the single arbitrator shall file a report and award with the clerk of the court and forward copies to all parties or their counsel. The report and award, unless appealed, shall be final and have the legal effect of a verdict upon which judgments shall be entered by the court.
 (d) Appeals. Any party may appeal the award to the court if, within thirty days after the filing of the award with the clerk of court, the party does both of the following:
 (i) Files a notice of appeal with the clerk of courts and serves a copy on the adverse party or parties accompanied by an affidavit that the appeal is not being taken for delay;
 (ii) Reimburses the county or municipal corporation for all fees paid to the arbitrator or arbitrators in the case or pays the fees directly to the arbitrator or arbitrators, unless otherwise directed by the court.
 All appeals shall be de novo proceedings at which members of the deciding board or the single arbitrator are barred as witnesses.
 Exceptions to the decision of the board or single arbitrator based on either misconduct or corruption of the board or single arbitrator may also be filed by any party within thirty days after the filing of the report, and, if sustained, the report shall be vacated.
The Greene County Court of Common Pleas has adopted a plan for the mandatory arbitration of civil cases. It is promulgated as Greene Loc.R. 11. The plan makes no provision for appeals from a report and award. Rather, Greene Loc.R. 11.15 states:
 Unless exceptions to the arbitration award are raised by written motion, pursuant to Rule 11.7, filed within thirty (30) days from the date of the Report and Award is docketed by the Clerk, the trial judge shall deem the award final and acceptable and enter judgment according to the award. The responsibility for preparation of its Judgment Entry and submission to the assigned trial judge rests with the prevailing party.
Further, Greene Loc.R. 11.17 states:
 Any party may filed with the Clerk written exceptions from the Report and Award of the Arbitration Panel within thirty (30) days from the filing of said Report and Award.
 A. An affidavit that the exception is not being taken for delay must be filed and accompany the exceptions.
 B. Copies of any motion, affidavit, and exception shall be served upon the opposing parties according to law.
 C. Exceptions to the decision of the board of single arbitrator based on either misconduct or corruption of the board or single arbitrator may also be filed by any party within thirty (30) days after the filing of the report, and, if sustained, the report shall be vacated.
Additionally, Greene Loc.R. 11.20 states:
 Within a reasonable time after the exceptions called for under Rule 11.17 are filed, the assigned trial judge shall order the return of the case to the trial calendar. In the event a Jury Demand has been timely filed in the pleadings, the case shall be assigned for Jury Trial and, if there has not been a timely Jury Demand in the pleadings, the case shall be heard by the Court.
 Either the Jury Trial or Court Trial shall be Trial De Novo and not limited to a review of the transcript taken at the Arbitration Hearing.
We have previously noted the failure of Green Loc.R. 11 to provide for appeals. In Williamson v. Williams (November 21, 1985), Greene App. No. 85-CA-29, unreported, we stated:
 The Greene County rule also unfortunately uses the word "exception" instead of "appeal" in establishing the procedure for expressing dissatisfaction with the arbitrator's report and award, and restoring the case to the trial calendar.
 However, we do not believe this deficiency is a cause for reversal. Except for the use of the work "exception" instead of "appeal," we believe G.R. 11 Section .15, .17, and .20, do comply with C.P.Sup.R. 15(D) and sufficiently apprise litigants unhappy with the arbitration award of the procedure to be used to safeguard their right to a trial by jury.
Id., at pp. 8-9. We held in a later decision that "once a party files timely exceptions to an arbitration award in Greene County, the trial court must conduct a trial de novo." Davis v. Holman
(May 9, 1989), Greene App. No. 88-CA-32, unreported, at p. 2.
The trial court found that Plaintiff's Motion To CorrectRecord did not operate to require a trial de novo, treating it instead as a request for relief from an error in the arbitration panel's Report and Award. We agree that the motion was of that character. However, the motion also pointed out how the error affected the panel's report and award, and it asked the court to correct the error "prior to the trial before a jury in this case." In that respect, the motion anticipated a trial.
S.Ct.Sup.R. 15(A)(2)(d) makes an appeal from the report and award of an arbitration panel a matter of right. No "grounds" are required for exercise of the right, which is asserted by filing a timely notice of appeal and the affidavit and reimbursement required. The Rule imposes a "grounds" requirement for exceptions, however, limiting them to "either misconduct or corruption of the board or a single arbitrator." The Rule permits the court to vacate the award if the exceptions are proved or to reject the exceptions when insufficient grounds are alleged or proved. The court may not likewise reject an appeal perfected by a notice that is timely and properly filed.
Greene Loc.R. 11 blurs these distinctions by applying the word "exceptions" to both kinds of filings, and in the process suggests that grounds are required to perfect an appeal and that appellate review is unavailable but for corruption or misconduct. We urge the court of common pleas to correct the ambiguity in its local rule, amending it to conform to Sup.R. 15. Until that is done, we have no alternative but to construe the rule most strongly in favor of preserving the right of appeal for which S.Ct.Sup.R. 15 provides.
Plaintiffs' motion followed the Report And Award of the arbitration panel and plainly contemplated de novo review of their claims for relief in a jury trial. We construe the motion to be a notice of appeal for purposes of S.Ct.Sup.R. 15(A)(2)(d), notwithstanding the other relief it requested, which was not in and of itself improper. Therefore, the trial court erred when it entered judgment on the Report and Award instead of submitting Plaintiffs' claims for relief for determination by a jury.
The assignments of error are sustained. The judgment from which the appeal is taken is Reversed, and the cause is Remanded for further proceedings consistent with this opinion.
WOLFF, J., dissents with opinion.
YOUNG, J., concurs.